# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TIMOTHY W. ELKINS, Jr., #Y24242, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19-cv-00055-NJR |
| JOHN DOE and MR. VITALE, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Timothy Elkins, Jr., an inmate of the Illinois Department of Corrections ("IDOC"), originally brought this civil rights action as *Elkins v. Fatheree*, Case No. 18-cv-02019-SMY, asserting constitutional deprivations that allegedly occurred at Centralia Correctional Center ("Centralia") and Southwestern Illinois Correctional Center ("SWICC"). After screening the Complaint, the Court severed two of Plaintiff's claims from the original case into a separate action. (Doc. 1). The instant case contains Counts 2 and 3, described as follows:

Count 2: Eighth Amendment claim against John Doe for harassing Plaintiff during transport from Centralia on August 24, 2018.

Count 3: First Amendment retaliation claim against Warden Vitale for transferring Plaintiff out of SWICC on October 3, 2018.

Plaintiff seeks declaratory, monetary, and injunctive relief (presumably at the close of the case). (Doc. 1, p. 7).

Plaintiff's claims are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was transferred to Centralia in response to a court writ for appearance in Macoupin County on August 24, 2018. (Doc. 1, p. 3). During the transport on August 24, John Doe transport officer made sexual comments to Plaintiff. *Id*. During a check of his cuffs, the Lieutenant told him to "bend over," he complied, and Doe started laughing and said, "Your [sic] smart, you'll do anything your [sic] told." (Doc. 1, p. 4). During court, Doe made sexual comments about a young woman getting married and a female attorney. Doc. 1, p. 5). During transport after court, Doe turned off the highway and on to a country road. (Doc. 1, p. 4). Plaintiff was scared for his life and thought there might be retaliation for a lawsuit he had filed involving the son of a retired officer from Graham. *Id.* While traveling the country road, Doe asked Plaintiff disturbing questions including:

> "If IDOC said they would let you go home if you let five black guys run a train on you, would you do it?
>
> "If IDOC said you could go home if you could get over the fence without getting shot would you do it?"
>
> "Is your lawyer hot?"
>
> "I didn't ask if he was a man, is he hot?"

(Doc. 1, p. 4-5). Following this incident, Plaintiff is afraid to go on writ transports and it made his depression and anxiety issues much worse.[1] (Doc. 19, p. 3).

---

[1] Plaintiff alleged these facts in an Affidavit supplementing his Complaint. (Doc. 19, p.3). Normally, the Court does not allow piecemeal amendments. As a *pro se* litigant, however, Plaintiff will be afforded some

2

On September 19, Plaintiff transferred from Centralia to SWICC to receive treatment for a severe alcohol addiction. (Doc. 1, p. 5). On September 21, Warden Vitale called Plaintiff to his office and questioned him about his sexual harassment grievance filed at Centralia. *Id*. On September 24, he was called to Internal Affairs and gave a statement about the harassment. *Id*. The investigator yelled at him and told him PREA (the Prison Rape Elimination Act) is only for rape, and he is in prison and should keep his mouth shut. *Id*. On October 3, Warden Vitale transferred Plaintiff to another facility in retaliation for pursuing the sexual harassment complaint against Doe. (Doc. 1, p. 5).

## Discussion

*Count 2*

Verbal harassment may amount to cruel and unusual punishment under the Eighth Amendment in limited circumstances. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). In *Beal*, the Seventh Circuit recognized "the alleged pain [sufficient to constitute cruel punishment] may be physical or psychological." *Id.* (citation omitted). Plaintiff describes psychological pain that resulted from this single incident of harassment. The officer's comments, made while needlessly cruising a country road during the writ transport, frightened Plaintiff and he feared for his safety. The incident significantly increased his pre-existing depression and anxiety issues and he now fears writ transports. These allegations are sufficient for Count 2 to proceed against Doe.

*Count 3*

In order to state a claim for retaliation under the First Amendment, a plaintiff must demonstrate that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation

---

latitude in this regard, and the Court will consider the allegations in the supplemental Affidavit. *See Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018).

likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). Plaintiff alleges Vitale transferred him from SWICC to another facility in retaliation for filing the sexual harassment grievance against Doe. Such a transfer may be considered a deprivation that would deter First Amendment activity. *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996) (transferring an inmate in retaliation for filing lawsuits or prison grievances is actionable under Section 1983). The allegations in Count 3 are sufficient to proceed against Vitale.

## Identification of Unknown Defendant

The Warden of Centralia Correctional Center will be added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the unknown defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the Court. Once the name of the unknown defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motions

*Motion for Recruitment of Counsel*

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 16), which is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases, but the district court has discretion under Section 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When deciding whether to do so, the Court must first consider whether the indigent plaintiff has made reasonable attempts to

secure counsel on his own, and, if so, whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007).

Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own (he merely indicates that he has attempted to hire counsel). He states that he has limited knowledge of legal matters, his access to the law library is limited, and it would be difficult for him to proceed *pro se*. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

*Motion for Status*

Plaintiff filed a motion for status (Doc. 17), which is **DENIED** as moot.

*Motion to Subpoena IDOC to Release Grievances and Names*

Plaintiff filed a motion to subpoena records and names from IDOC (Doc. 18), which is **DENIED**. Plaintiff seeks information that is subject to disclosure once a scheduling order is entered in this matter. A scheduling order will be entered following the filing of Answers by the defendants.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 16) is **DENIED** without prejudice, the Motion for Status (Doc. 17) is **DENIED** as moot, and the Motion to Subpoena IDOC to Release Grievances and Names (Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that **Count 2** will proceed against Defendant **John Doe**

and **Count 3** will proceed against Defendant **Mr. Vitale**. The Clerk of Court is **DIRECTED** to **ADD** as a Defendant, **John Baldwin**, IDOC Director, in his official capacity, to the docket for purposes of Plaintiff's request for injunctive relief. In addition, the Clerk is **DIRECTED** to **ADD** the **Warden of Centralia Correctional Center**, in his official capacity only, to the docket for purposes of responding to discovery aimed at identifying Defendant John Doe.

The Clerk of Court shall prepare for Defendant **John Doe** (once identified), **Mr. Vitale**, **John Baldwin** (official capacity only), and the **Warden of Centralia Correctional Center** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **John Doe** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Centralia Correctional Center is in the case solely for discovery purposes, he need not respond to the Complaint. The Warden only needs to enter his appearance. He will receive further instruction on discovery at a later date.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

**IT IS SO ORDERED.**

**DATED:** April 25, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**