IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. ELKINS, JR., #Y24242, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00055-NJR ) ) |
| JOHN DOE and MR. VITALE, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Timothy W. Elkins, Jr., an inmate of the Illinois Department of Corrections currently incarcerated at Sheridan Correctional Center, filed a Motion for Preliminary or Permanent Injunction/Temporary Restraining Order. (Doc. 28). Because Plaintiff seeks a temporary restraining order ("TRO"), the Court will consider this request without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). For the reasons stated below, the request for injunctive relief and temporary restraining order is **DENIED** without prejudice.

Plaintiff seeks an Order directing that he be placed in a single cell or allowed special access to toilets due to bowel issues. (Doc. 28, p. 1). He also asks that he not be sent to Menard Correctional Center for his safety as multiple correctional officers know who he is, and his medical needs are not met there. *Id.* He alleges he has been denied toilet paper and medication in past writs to Menard, inmates there know him and have made threats against him, and the lengthy trip to Menard is a significant hardship on him

1

because of his bowel issues. *Id.*

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen days. *See* Fed. R. Civ. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the

same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

This case pertains to a harassment claim against a John Doe officer at Centralia Correctional Center and a retaliation claim against Warden Vitale at Southwestern Illinois Correctional Center arising from events in 2018. The motion, on the other hand, relates to Plaintiff's bowel issues and his desire not to be sent to Menard due to threats to his safety by Menard inmates and/or correctional officers. The request for injunctive is not of the same character as the relief sought in this case and deals with matters wholly outside of the allegations in the complaint and, as such, is not properly brought in this case. Further, the claims in the motion are not directed at any individuals and do not establish that Plaintiff faces any irreparable harm without injunctive relief. For these reasons, the motion is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 21, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**