IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. ELKINS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-55-MAB |
| | ) |
| LEVI QUINN, RONALD VITALE, | ) |
| JOHN BALDWIN, JON FATHEREE, | ) |
| and ROB JEFFREYS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Bill of Costs filed by Defendants (Doc. 134) and Plaintiff's objections thereto (Doc. 136). For the reasons explained below, Plaintiff's objections are overruled and Defendants are awarded their costs.

Plaintiff Timothy Elkins sued prison officials while he was an inmate in the Illinois Department of Corrections, asserting that his constitutional rights were violated. Defendants moved for summary judgment and their motion was granted (Docs. 122, 130, 132). The case was dismissed and judgment was entered in Defendants' favor on April 5, 2022 (Doc. 133).

Defendants filed their Bill of Costs on April 6, 2022, seeking a total of $545.00 for the cost of the court reporter's appearance fee at Plaintiff's deposition and the deposition transcript (Doc. 134). Plaintiff filed a two-sentence objection, stating that he is "appealing

the ruling in this case so it is not closed" and he does not agree the deposition was necessary in this case (Doc. 136).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks* 126 F.3d at 945.

The Court begins with Plaintiff's statement that he is "appealing the ruling in this case so it is not closed," which it construes as a request to withhold ruling on the Bill of Costs pending the resolution of his appeal. It is well-established that "a district court may award costs even while the substantive appeal is pending." *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994). Therefore, the mere filing of an appeal is not grounds to deny or defer ruling on a bill of costs. In fact, the district court should rule on the issue of costs while the appeal on the merits is pending because then the ruling on costs can be

appealed and consolidated with the merits appeal, sparing the parties and the Seventh Circuit from piecemeal appeals. *E.g., Callpod, Inc. v. GN Netcome, Inc.*, No. 6 C 4961, 2010 WL 4411954, at *2 (N.D. Ill. Nov. 1, 2010); *Barton v. Zimmer, Inc.*, No. 1:06-CV-208-TS, 2010 WL 2541707, at *1 (N.D. Ind. June 16, 2010); *Aebishcher v. Stryker Corp.*, No. 05-CV-2121, 2007 WL 1668065, at *2 (C.D. Ill. June 8, 2007). *Cf. Terket v. Lund,* 623 F.2d 29, 33–34 (7th Cir. 1980) (explaining that district courts should rule on motions for attorneys' fees as expeditiously as possible to avoid the possibility of piecemeal appeals). Here, Plaintiff failed to provide any explanation why a stay was warranted (*see* Doc. 136), and the Court therefore declines to withhold ruling on the Bill of Costs.

As for Plaintiff's unadorned assertion that it was not necessary for Defendants to take his deposition, the Court disagrees. Depositions are one of the primary methods of conducting discovery, and the parties in a lawsuit are permitted to depose one another. *See* FED. R. CIV. P. 30. Making a record of the deposition in a written transcript and/or by video is essential. Deposition costs are recoverable under 28 U.S.C. § 1920. *See also Weeks*, 126 F.3d at 945. The Court has no reason to doubt that it was necessary for Defendants to depose Plaintiff to properly defend themselves against his claims. Plaintiff has not demonstrated otherwise.

The Court notes that the losing party may be excused from paying the prevailing party's costs if the losing party is indigent. *Rivera v. City of Chicago*, 469 F.3d 631, 634–35 (7th Cir. 2006). In this instance, Plaintiff did not make any argument that he should not have to pay costs associated with the litigation because he is indigent, nor did he provide any documentation that could support a claim of indigency (*see* Doc. 136). He did,

however, submit a motion for leave to proceed *in forma pauperis* on appeal ("IFP motion"), attesting to his financial circumstances since his release from prison in 2021 (Doc. 141). Based on the information provided in the IFP motion, the Court finds that Plaintiff was incapable of paying Defendants' costs at the time the Bill of Costs was filed. But there is nothing from which the Court can conclude that Plaintiff will also be incapable of paying Defendants' costs in the future (*see* Doc. 141). On the contrary, Plaintiff stated he was actively looking for employment and he was confident that he would be able to keep whatever job he was hired for because he just been gifted a car by his father and now had reliable transportation (Doc. 141). Consequently, the Court cannot rely on the indigency exception to deny Defendants' costs. *See Rivera*, 469 F.3d at 635 (in determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" (citation omitted)).

## CONCLUSION

The Court **OVERRULES** Plaintiff's objection to costs and **ORDERS** an award of costs in the amount of $545.00 for Defendants Levi Quinn, Ronald Vitale, John Baldwin, Jon Fatheree, and Rob Jeffreys. The Clerk of Court shall tax costs in this amount against Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 13, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**